IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LINDA S. ROZYCKI,                )
                                 )
            Plaintiff,           )
                                 )
      v.                         )  Civil Action No. 04-857
                                 )
JO ANNE B. BARNHART,             )
COMMISSIONER OF                  )
SOCIAL SECURITY,                 )
                                 )
            Defendant.           )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 27th day of September, 2005, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 18) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 14) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and

may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Importantly, where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending applications for disability insurance benefits and supplemental security income on September 18, 2002, with a protective filing date of July 31, 2002, alleging disability beginning July 1, 2002, due to left leg, chest and right arm pain. Plaintiff's applications were denied initially. At plaintiff's request an ALJ held a hearing on December 10, 2003, at which plaintiff, represented by counsel, appeared and testified. On December 18, 2003, the ALJ issued a decision finding that plaintiff is not disabled. On April 29, 2004, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 51 years old at the time of the ALJ's decision and is classified as a person closely approaching advanced age under the regulations. 20 C.F.R. §§404.1563(c); 416.963(c). Plaintiff has a high school education with two years of college. Plaintiff has past relevant work experience as a lamp factory

assembler/laborer, but has not engaged in any substantial gainful activity since her alleged onset date. For purposes of plaintiff's application for Title II benefits, the ALJ found that plaintiff met the disability insured status requirements of the Act on her alleged onset date and has acquired sufficient quarters of coverage to remain insured at least through June 30, 2007.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of coronary artery disease, residuals of triple coronary artery bypass grafting, diabetes mellitus and depression, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to perform a significant range of light work but with certain restrictions recognizing the limiting effects of her impairments. Taking into account these limiting effects, a vocational expert identified numerous categories of jobs, both at the light exertional level, which plaintiff could perform based upon her age, education, work experience and residual functional capacity. Relying on the vocational expert's testimony, the ALJ found that, although plaintiff is unable to perform her past relevant work, she nevertheless is capable of making an adjustment

- 3 -

to numerous jobs existing in significant numbers in the national economy, including plumbing assembler, light fixture assembler, catheter builder, wire worker and small bench products assembler. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability. 20 C.F.R. §§404.1520 and 416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part

404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920. See also Newell, 347 F.3d at 545-46.

Additionally, the Commissioner has promulgated regulations dealing specifically with the evaluation of mental impairments. 20 C.F.R. §§404.1520a and 416.920a. When there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432.

Here, plaintiff challenges the ALJ's finding of not disabled at step 5 of the sequential evaluation process. Specifically, plaintiff contends that: (1) the ALJ improperly analyzed the medical evidence, particularly that from her treating physicians; (2) the ALJ improperly analyzed plaintiff's testimony and subjective complaints regarding her limitations and improperly relied upon plaintiff's sporadic activities to support a finding of not disabled; and (3) the ALJ improperly relied on the vocational expert's answer to a defective hypothetical that did not account for all of plaintiff's impairments and limitations. Upon review, the court finds that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by

substantial evidence.

At step 5 of the sequential evaluation process the ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent with her medical impairments, age, education, past work experience and residual functional capacity. 20 C.F.R. §§404.1520(f) and 416.920(f). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his or her impairments. 20 C.F.R. §§404.1545(a) and 416.945(a); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements, and other functions. 20 C.F.R. §§404.1545(a) and 416.945(a).

Here the ALJ found that:

> [Plaintiff's] residual functional capacity for the full range of light work is reduced by her need to use a cane to walk but not to stand, her limitation to occasional climbing, balancing, stooping, kneeling, crouching, crawling and bending, her need to avoid overhead reaching with the right, upper dominant extremity, dangerous machinery and concentrated exposure to temperature extremes and humidity and her limitation to unskilled, entry level occupations.

(R. 22).

Plaintiff's first argument is that the ALJ improperly evaluated the medical evidence in assessing plaintiff's residual functional capacity. Specifically, plaintiff contends that the ALJ failed to accord controlling weight to the opinions from her

- 6 -

treating physician, Dr. Harmatz, and from Dr. Marston, a psychologist. Upon review the court finds that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §§404.1527(d)(2) and 416.927(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. When a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §§404.1527(d) and 416.927(d).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence, including Dr. Harmatz's opinion that plaintiff "would not be able to maintain employment on a regular basis." (R. 319). The ALJ's decision not to accord controlling weight to that opinion is supported by substantial evidence.

First, the determination of disability is reserved solely to the Commissioner and the opinion of a physician, treating or

- 7 -

otherwise, never is entitled to special significance on that ultimate determination. 20 C.F.R. §§404.1527(e) and 416.927(e); SSR 96-5p. Here, based upon his review of the <u>entire</u> record, including plaintiff's medical records and plaintiff's own testimony and reported daily activities, the ALJ concluded that plaintiff's impairments, while severe, do not preclude her from performing <u>any</u> substantial gainful activity.

Moreover, the opinion of total disability rendered by Dr. Harmatz is contradicted by the clinical and objective medical evidence of record, including Dr. Harmatz's own reports, as well as with plaintiff's own reported activities of daily living. For instance, despite Dr. Harmatz's letter opinion that plaintiff is permanently disabled, plaintiff's treatment notes consistently report that plaintiff post-surgery was reporting that she was "doing very well" and "feeling a lot better" (R. 203), that she "feels good" (R. 202), that she is in no acute distress (R. 313) and that she was doing "fairly well." (R. 356).

In addition, medical reports from Dr. Cardone, the cardiac surgeon who performed her bypass and who opined that, although plaintiff could not return to her past works, she could return to light work within six weeks after her surgery (R. 193), as well as those from Dr. O'Roark, who reported plaintiff was doing well from a cardiac standpoint (R. 197), Dr. Moss, who reported that plaintiff walked daily and remained active (R. 195) and Dr. Barua, who opined that plaintiff could perform light work (R. 300-01), all belie a finding that plaintiff is permanently disabled. Thus,

because total disability is not supported by the objective medical evidence and is inconsistent with other substantial evidence in the record, the ALJ did not err in giving Dr. Harmatz's opinion little weight. 20 C.F.R. §§404.1527(d) and 416.927(d); SSR 96-2p.

Likewise, the ALJ properly evaluated the medical evidence from Dr. Marston, a psychologist who performed a consultative examination of plaintiff. Plaintiff contends that Dr. Marston's finding of a GAF score of 48, which suggests severe difficulties, at the time of the examination dictates a finding of disabled. However, Dr. Marston also noted that Plaintiff's GAF score for the year preceding the consultative examination was 58, which connotes only moderate difficulties. (R. 277). Moreover, the remainder of Dr. Marston's report, in which he found plaintiff to have good to fair ability to carry out all work related functions (R. 278-79), overrides any suggestion of disability that could be gleaned from a one-time GAF score that provides only a snapshot of plaintiff's condition at a certain point in time.

The court also finds no error in the ALJ's credibility determination. Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §§404.1529(c) and 416.929(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999).

In this case, the ALJ found that plaintiff's allegations regarding her limitations were not totally credible. In making

- 9 -

this finding the ALJ adhered to the standards set forth in 20 C.F.R. §§404.1529(c) and 416.929(c) and SSR 96-7p and adequately explained the basis for his credibility determination in his decision. (R. 20). As required, the ALJ considered plaintiff's testimony in light of not only the medical evidence but also the other relevant factors, such as plaintiff's daily activities, and determined that plaintiff's testimony was not totally credible.

While it is true, as plaintiff asserts, that sporadic and transitory activities cannot be used to show an ability to engage in substantial gainful activity, see Fargnoli, 247 F.3d at 40, n.5, the ALJ did not do so here. Rather, in assessing plaintiff's credibility, the ALJ properly considered not only plaintiff's reports of his activities of daily living, but also considered plaintiff's allegations in light of the medical evidence, her treatment history and all the other evidence of record.

Here, there are many instances of inconsistencies between plaintiff's testimony and reported activities and what she reported to her treating physicians. For instance, while plaintiff alleged that she could not cook, clean, or do other household chores, Dr. Marston noted in his report that plaintiff shared chores with her boyfriend (R. 275) and Dr. Moss reported that plaintiff remained active and walked daily. (R. 195). In addition, while plaintiff testified that she had continuing nightmares, both Dr. O' Roark and Dr. Moss reported that her nightmares had resolved. (R. 394, 396). Plaintiff's testimony that she is in constant pain also is contradicted by the reports

- 10 -

of Drs. O'Roark, Moss, Barau and Marston, all of whom noted improvement in plaintiff's pain. In light of these inconsistencies, the court finds no error in the ALJ's credibility determination.

Finally, plaintiff argues that the ALJ erred in rejecting the vocational expert's testimony to a hypothetical posited by plaintiff's counsel regarding plaintiff's inability to sustain work activities during a full-time work schedule. (R. 56-57). The court also finds this argument to be without merit.

The limitations stated in the ALJ's residual functional capacity finding are those that are supported by the objective medical evidence of record. The additional limitation suggested by plaintiff's counsel in his hypothetical to the vocational expert could be supported only by plaintiff's subjective testimony, which the ALJ properly concluded was not totally credible. As a hypothetical to the vocational expert must reflect all of the claimant's impairments and limitations supported by the record, Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984), the ALJ did not err in rejecting a response to a hypothetical incorporating a limitation not supported by the medical evidence. See Jones v. Barnhart, 364 F.3d 501, 506 (3d Cir. 2004) (ALJ had authority to disregard a vocational expert's response to a hypothetical inconsistent with evidence).

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of

- 11 -

the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Barbara J. Artuso, Esq.
Quatrini, Rafferty & Galloway
Underwood Center
550 East Pittsburgh Street
Greensburg, PA 15601

Christy Criswell Wiegand
Assistant U.S. Attorney
U.S. Post Office & Courthouse
700 Grant Street, Suite 400
Pittsburgh, PA 15219